No. 31,177

A. H. Baird, *Appellant,* v. C. A. Bureman, *Appellee.*

(26 P. 2d 272.)

Opinion filed November 11, 1933.

*R. L. Hamilton* and *Max L. Hamilton,* both of Beloit, for the appellant.

*Ralph H. Noah,* of Beloit, and *E. A. Lohrke,* of Omaha, Neb., for the appellee.

The opinion of the court was delivered by

Dawson, J.: Plaintiff sued the defendant for slander. Defendant filed a cross action for assault and battery. Defendant prevailed, and the case is here for review.

It appears that both plaintiff and defendant had some cattle in a pasture near Hunter, a railway point in the southwest part of Mitchell county. Among these cattle were two roan bull calves somewhat alike in general appearance, but one was worth several dollars more than the other. Plaintiff sold his cows and heifer calves but kept his bull calves. In delivering the cows, however, he let the bull calves go along, intending to take them back to the pasture in a truck. While driving the cattle on the highway defendant came along and got into a heated argument with plaintiff about the ownership of the better bull calf. Defendant declared he would have plaintiff arrested before sundown, intimating that

plaintiff was engaged in the theft of the calf. He may have made similar intimations on subsequent occasions.

The same evening plaintiff met defendant and sought to renew the discussion about the ownership of the calf. While plaintiff denied making any show of violence towards defendant, the evidence which the jury chose to believe was that plaintiff "grabbed" defendant and that they "wrestled around there a little," and that defendant "jerked loose and ran across the street."

Some time later defendant brought an action in replevin to obtain possession of the calf, but that action was dismissed. Then plaintiff brought this action for damages for slander, charging that defendant had falsely and publicly called him a thief. Defendant answered with a general denial, and in a cross petition pleaded a cause of action against plaintiff for assault and battery.

The cause was tried before a jury, which returned a verdict for defendant in the sum of $125 and answered special questions, viz.:

"1. Did the defendant, C. A. Bureman, use any defamatory words concerning the plaintiff? A. No.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"3. If you find that the defendant should recover damages for the assault and battery alleged in said petition, state how much you allow

(a) For pain and suffering. A. $120.

(b) Defendant's doctor bill. A. $5.

(c) Permanent injury.

"4. To whom did the roan calf mentioned in the evidence as taken to the stock yards at Hunter, Kan., belong? A. C. A. Bureman."

The trial court gave judgment for defendant on the verdict, and in addition thereto made an order requiring plaintiff to return to defendant the roan calf.

Plaintiff assigns various errors, the first of which is based on the admission of certain testimony. Over objection a witness for defendant was permitted to testify that when plaintiff sought to talk with defendant at Hunter on the evening of the day the dispute about the calf had occurred, plaintiff's brother said to plaintiff, "Kick the son of a bitch," and made a vulgar suggestion needless to repeat. Before finally ruling on plaintiff's objection to this testimony, the court inquired if plaintiff was present, and being advised in the affirmative, overruled the objection. The record reads:

"THE COURT: He is asking him to tell what was said in the presence of plaintiff. Objection overruled."

Plaintiff's motion to strike out the answer was likewise overruled. Plaintiff requested that the jury should be instructed not to consider the testimony which narrated the above remarks of plaintiff's brother. This request was denied, and on this point the trial court instructed the jury thus:

"12. The only purpose for which you can consider any statement made by George Baird [brother of plaintiff] in the presence of the plaintiff as mentioned in the evidence in this case is for the purpose of showing whether or not there was any feeling on the part of the plaintiff toward the defendant."

Counsel for appellee seek to justify the rulings on the foregoing, and the pertinent instruction likewise, under the rule laid down in Corpus Juris and elsewhere that where a statement of fact affecting a party on his rights is made in his presence or hearing, so that he understands it, and the statement is of such a nature as to call for a reply, the statement, in connection with his total or partial failure to reply, is admissible as tending to show a concession of the truth of the facts stated. (22 C. J. 321.) This rule is a familiar one in the law of evidence in criminal cases. In *State v. Cruse*, 112 Kan. 486, 494, 212 Pac. 81, it was thus stated:

"Statements of a third party to the prejudice of one accused of crime, made in his presence and which he tolerates without resentment, explanation or denial, are ordinarily admissible as some evidence of his consciousness of guilt." (Syl. ¶ 6.)

But how does this rule justify the admission in evidence of the remark made by plaintiff's brother? The brother did not make any statement of fact. He said nothing affecting plaintiff's rights. He said nothing which called for a reply or for any showing of resentment, explanation or denial from plaintiff. The trial court instructed the jury that the brother's remark was admissible for the one purpose of showing "whether or not there was any feeling on the part of plaintiff towards the defendant."

This court cannot give its sanction to such a rule of evidence. The evidence was clearly incompetent, the instruction was erroneous, and we regret to add that it was manifestly and highly prejudicial.

Error is also assigned on the refusal of the trial court to give an instruction that if defendant said plaintiff was a thief and if that statement was false, plaintiff would be entitled to nominal damages, at least, and such further actual damages as he had suffered to his good name or reputation. However, the jury found on controverted

evidence that defendant had not used any defamatory words concerning plaintiff, which, as we construe it, was equivalent to a finding that he had not called plaintiff a thief. Consequently the criticized instruction becomes immaterial.

Yet another error is based on the order of the trial court that the calf in controversy should be delivered to defendant. There was a finding of the jury that the calf belonged to defendant, but since there was no issue raised by the pleadings for the possession of the calf, it was not a proper subject for adjudication in this lawsuit. The fact of ownership of the calf was only pertinent in this lawsuit for whatever light it might throw on the issues of slander and assault and battery. Defendant had once instituted an action in replevin for the calf. Certainly it cannot be assumed that he suffered that action to be dismissed on the theory that the possession of that calf could be adjudicated in such an action and cross action as the one under present review.

To conclude: On plaintiff's cause of action it seems clear that he has been defeated on a disputed issue of fact. To that extent the judgment of the district court is affirmed. So much of the judgment as relates to the disposition of the calf is set aside. In other respects the judgment is reversed and the cause remanded for a new trial limited to a proper determination of the issues raised on defendant's cross petition.

HUTCHISON, J., not sitting.